

SO ORDERED.

SIGNED this 16th day of August, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAM MALINE TERWILLIGER, | ) | CASE NO. 13-80749 |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**
**PARTIALLY AVOIDING JUDICIAL LIEN**

THIS MATTER came on before the Court on July 30, 2013, after due and proper notice to all parties in interest, for consideration of the Debtor's Motion to Avoid a Judicial Lien. Appearing before the Court was Michelle Walker, counsel for the Debtor Pam Maline Terwilliger and Pamela Keenan, counsel for the Creditor David T. Kubowski. Having considered the motion and the objection, the Court makes the following findings of fact and conclusions of law:

**JURISDICTION**

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina. This is a core proceeding within

1

the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

## FACTS

In 1998, Pam Maline Terwilliger (the "Debtor") and Gregory Stitt (hereinafter "Stitt") purchased a 10.719 acre tract of land on 7028 Wildlife Trail, Raleigh, North Carolina (the "Raleigh Property").  They own the Raleigh Property as tenants in common.  Two years later, the Debtor and Stitt entered into a contract with Oakwood Mobile Homes for the purchase of a 2000 Oakwood mobile home.  The mobile home was financed through Oakwood Acceptance Corporation, who had a duly perfected lien on the certificate of title.  The mobile home was placed on the Raleigh Property where it remains today.  In April 2002, the Debtor and Stitt paid off the mobile home and the satisfaction of title lien was duly recorded.  On August 6, 2009, David T. Kubowski (the "Creditor") obtained a default judgment against the Debtor and Stitt in the amount of $73,853.93 plus interest and court costs (the "Judgment Lien").  The Judgment Lien was duly recorded in Durham County, North Carolina. The tax records of Durham County treat the mobile home and land as one unit and have placed an assessed value of $162,906.00 for ad valorem tax purposes.  Neither the Debtor nor Stitt have ever challenged the Durham County Tax Assessment.

The Debtor filed a Chapter 13 bankruptcy petition on June 14, 2013 and now seeks to avoid the Creditor's lien pursuant to 11 U.S.C. § 522.  At the time of the bankruptcy filing, the amount due on the Judgment Lien was $92,904.00.

2

The Debtor contends that the mobile home has retained the characterization of personal property and that the Creditor's lien does *not* attach to the mobile home. The Debtor does not dispute that the Creditor has a lien on the real property. A land appraisal report shows that the current fair market value of the Raleigh Property is $55,000.00.

The issue before the Court is whether the mobile home is affixed to the real property such that it is part of the realty to which the Creditor's lien attaches, or if the mobile home has retained its characterization of personal property such that the Creditor's lien does not attach.

## ANALYSIS

I. *Lien Avoidance and Exemption Overview*

The Debtor has the burden of proof to show that she is entitled to avoid a lien under 11 U.S.C. § 522(f). *In re Shands*, 57 B.R. 49, 50 (Bankr. D.S.C. 1985). Section 522(f)(1)(A) allows a Debtor to

> …avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…if such lien is … a judicial lien….

11 U.S.C. § 522(f)(1)(A).

Section 522(f)(2)(A) provides the methodology for determining the extent to which a judicial lien impairs an exemption. Under this provision, a lien

> shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property, exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Only one-half of a lien is allocable to a debtor in determining the extent to which a lien impairs the exemption when the Debtor owns the property as a joint tenant with a non-debtor under 11 U.S.C. § 522(f)(1). *In re Genevicz*, 2010 WL 1010829 n.2 (Bankr. M.D.N.C. March 15, 2010). *See also In re Miller*, 299 F.3d 183, 186 (3d Cir. 2002) (stating that "Congress could not have intended that a debtor benefit under Section 522(f)(2)(A) by use of what realistically should be regarded as someone else's debt even if the debtor may be liable personally to the creditor for the entire debt.").

Pursuant to North Carolina law, a resident of North Carolina who is a debtor is entitled to exempt his or her aggregate interest, not to exceed $35,000.00 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence (the "residence exemption"). N.C. GEN. STAT. § 1C-1601(a)(1). The Debtor is allowed to exempt up to $5,000 in any property for any unused exemption value the Debtor would have been entitled to use for her residence (the "Wild Card Exemption"). N.C. GEN. STAT. § 1C-1601(a)(2).

Thus, if the Creditor prevails, § 522(f)(2)(A) applies such that the Judgment Lien does not impair the Debtor's exemption:

|  | $46,452.00 | Debtor's proportion of Judgment Lien |
|---|---|---|
|  | $35,000.00 | exemption applicable under N.C. Gen. Stat. § 1C-1601(a)(1). |
|  | ($81,453.00) | the tax value of the Debtor's interest in the Raleigh Property and the mobile home |
| **SUM** | **($1.00)** | **Debtor's exemption is not impaired** |

4

If the Debtor were to prevail, meaning the lien does not attach to the mobile home, the applicable exemption would be $5,000 under N.C. Gen. Stat. § 1C-1601(a)(2) and the § 522(f) formula would be applied as follows:

|              |                                                          |
|-------------:|----------------------------------------------------------|
| $46,452.00   | Debtor's proportion of Judgment Lien                     |
| $5,000.00    | exemption applicable under N.C. Gen. Stat. § 1C-1601(a)(2) |
| ($27,500.00) | the value of the Debtor's interest in the Raleigh Property |
| **SUM $23,952.00** | **the extent the Debtor's exemption is impaired**  |

If the Debtor were to prevail, the Judgment Lien would be partially avoided. A determination of whether the mobile home is personal property or part of the realty is integral to the determination of which exemption applies and the extent to which the Debtor is entitled to avoid the Judicial Lien.

II. *Classification of Mobile Home as Real or Personal Property*

Courts must look to North Carolina law to determine whether a mobile home is personal or real property. *See In re Ennis*, 558 F. 3d 343, 346 (4th Cir. 2009) (holding that state law determines whether a mobile home is real or personal property). North Carolina General Statute § 105-273(13) provides that a manufactured home as defined in N.C. Gen .Stat. § 143-143.9(6) is considered real property unless it fails to meet any of the following requirements:

1. It is a residential structure
2. It has the moving hitch, wheels, and axles removed
3. It is placed upon a permanent foundation … on land owned by the owner of the manufactured home…

N.C. GEN. STAT. § 105-273(13).  If any of the requirements are not met, then the manufactured home is personal property.  Taxation—Real Property Qualifications—Manufactured Homes, 2001 N.C. Sess. Laws 2001-506.  North Carolina General Statute § 105-273(13) does not define "placed on a permanent foundation" and few cases illustrate this requirement under this provision.  Prior to the 2001 manufactured home clarification in N.C. Gen. Stat. § 105-273(13), the real property status of manufactured homes was determined by fixtures law.  *E.g.*, *Hughes v. Young*, 115 N.C. App. 325, 328 (1994).  The Court finds that an analysis under fixtures law gives guidance in determining whether a manufactured home is "placed on a permanent foundation." Under fixtures law, the test for determining whether a chattel which has been annexed to land has become real property or remains personal property is the intention with which the annexation was made.  *Id.* at 328 (1994).  The character of the annexation is indicative of the intention of the annexor.  *Little by Davis v. Nat'l Servs. Indus., Inc.*, 79 N.C. App. 688, 694 (1986).

      The first two requirements listed under N.C. Gen. Stat. § 105-273(13) are met. The mobile home is a residential structure and its moving hitch, wheels, and axles are removed.  The third requirement is not met as the home is not placed on a permanent foundation. Although the wheels have been removed and the hitch lies on the ground under the mobile home, the home could be moved with little effort and the removal would not damage the real property.  There is cosmetic skirting surrounding the home, but that is also easily movable.  Removing the cosmetic skirting would not damage the mobile home or the Raleigh Property.  There are no structures such as a porch or deck that further attach the home to the realty.  Evidence presented shows that the mobile

6

home is placed on various columns of cinder block. It is not permanently affixed to the real estate. *See Singletary, III v. P & A Invs., Inc.,* 712 S.E.2d 681 (N.C. App. 2011) (finding under fixtures law as applicable to the Uniform Commercial Code that although the mobile home was affixed by brick and masonry underpinning, severance of the mobile home could be achieved without harming the realty, thus the mobile home was not part of the real estate but instead personal property). The Debtor never intended for the mobile home to attach to the real property.[1] The mobile home is thus not part of the realty. The Debtor's interest in the real property does not include any interest in the mobile home and includes only the Raleigh Property.

   III. *Exemption Applicable to the Raleigh Property*

To qualify for the Residence Exemption, the property claimed as exempt must be used as the debtor's residence. 11 U.S.C. Sec. 101(13A) provides:

> The term "debtor's principal residence"—
> (A) means a *residential structure* if used as the principal residence by the debtor, including incidental property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unity, a mobile home or manufactured home, or trailer if used as the principal residence by the debtor.

11 U.S.C. §. 101(13A) (emphasis added). In this case, the Raleigh Property is not a residential structure. Therefore, the Debtor cannot exempt the Raleigh Property under the Residence Exemption.

The Wild Card Exemption exempts "the debtor's aggregate interest in *any property*, not to exceed five thousand dollars ($5,000) in value of any unused exemption amount to which the debtor is entitled under [the Residence Exemption]." N.C. GEN.

---

[1] The Debtor did not submit an affidavit to the Department of Motor Vehicles to surrender title to the mobile home as provided by N.C. Gen. Stat. § 20-109.2.

7

STAT. § 1C-1601(a)(2) (emphasis added).  The Wild Card Exemption is applicable to the Raleigh Property for $5,000.00 since the Debtor has $5,000.00 in value of the unused Residence Exemption.

IV.  *The extent to which the Judgment Lien impairs the Debtor's Wild Card Exemption in the Real Property*

Application of the § 522(f)(2)(A) formula to the findings for the Raleigh Property results in the following computation:

|  |  |
|---:|:---|
| $46,452.00 | Debtor's proportion of Judgment Lien |
| $5,000.00 | the amount of the Wild Card Exemption available |
| ($27,500.00) | the value of the Debtor's interest in the Raleigh Property |
| **SUM $23,952.50** | **the extent the Debtor's exemption is impaired** |

Accordingly, the Debtor is entitled to avoid the Judgment Lien to the extent of $23,952.50, leaving the Creditor $22,500.00 of the Judgment Lien not avoided and still in effect against the Debtor's interest in the Raleigh Property.

**IT IS SO ORDERED.**

**END OF DOCUMENT**

# SERVICE LIST

Pam Maline Terwilliger
Debtor

Michelle Walker
James White
Attorneys for Debtor

Pamela Keenan
Attorney for David Kubowski

John A. Northen
Trustee

William P. Miller
Bankruptcy Administrator